[767 NYS2d 320]

In the Matter of GERALD J. ALBUM, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, October 2, 2003

### APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee,* Rochester, for petitioner.

*John F. Speranza,* Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on December 6, 1967, and maintains an office for the practice of law in Rochester. The Grievance Committee filed a petition charging respondent with acts of misconduct including conversion. Respondent filed an answer denying material allegations of the petition and a referee was appointed to conduct a hearing. At the hearing, the parties stipulated to amend the pleadings and respondent admitted the factual allegations of the petition, as amended. The hearing was conducted on matters in mitigation.

Respondent admitted that he accepted the proceeds of a real estate closing on behalf of his client, the seller, and deposited the funds into his trust account. He allowed the balance in the account to fall below the amount of his client's interest and allowed a negative balance to occur in the account. He remitted the funds to his client over five months later. In another real estate transaction, he allowed the balance in his trust account to fall below the amount owed for a brokerage commission by issuing checks drawn on the account payable to his own order.

We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with his own funds;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to deliver promptly to a client or a third party funds in his possession that the client or a third party is entitled to receive; and

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts.

We have considered the matters submitted by respondent in mitigation, including his medical problems and the fact that he had a previously unblemished record after 37 years in the practice of law. Respondent, however, has committed serious misconduct. Accordingly, after consideration of all of the fac-

tors in this matter, we conclude that respondent should be suspended for six months and until further order of the Court.

GREEN, J.P., WISNER, SCUDDER, GORSKI and LAWTON, JJ., concur.

Order of suspension entered.