[844 NYS2d 761]

In the Matter of WILLIAM T. JEBB, II, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 9, 2007

APPEARANCES OF COUNSEL

*Guy C. Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Terrence M. Connors*, Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Third Department, on June 24, 1986, and maintains an office for the practice of law in Williamsville. The Grievance Committee filed a petition charging respondent with acts of professional misconduct including conversion of client funds and other trust account improprieties. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties executed a stipulation resolving outstanding issues of fact. The Referee filed a report based upon the pleadings and stipulated facts, which the Grievance Committee moves to confirm.

Respondent admits that he accepted a check for real estate proceeds on behalf of his clients, deposited the check into his operating account and issued checks drawn against the funds in payment of personal expenses. Additionally, respondent admits that he failed to disburse promptly the proceeds to the clients and that the fee that he charged the clients was excessive.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-106 (a) (22 NYCRR 1200.11 [a])—entering into an agreement for, charging or collecting an illegal or excessive fee;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay or deliver to the client in a prompt manner as requested by the client funds in his possession that the client is entitled to receive;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts;

DR 9-102 (d) (2) (22 NYCRR 1200.46 [d] [2])—failing to maintain a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed; and

DR 9-102 (d) (9) (22 NYCRR 1200.46 [d] [9])—failing to make accurate, contemporaneous entries of all financial transactions in his records of receipts and disbursements, special accounts, ledger books and in any other books of account kept by him in the regular course of his practice.

We have considered the matters submitted by respondent in mitigation, including that the misconduct was confined to a one-year period during which he suffered from severe depression. Additionally, we have considered that respondent made full restitution to his clients and has expressed extreme remorse for his misconduct. Finally, we note that respondent has a previously unblemished record that includes extensive pro bono work. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for six months and until further order of the Court (*see Matter of Album*, 309 AD2d 199 [2003]).

HURLBUTT, J.P., SMITH, CENTRA and PERADOTTO, JJ., concur.

Order of suspension entered.